UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ALEXANDER SANCHEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 1:16-CV-509-TAV-CHS |
| | ) |
| OFFICER BYRD, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

On January 13, 2017, a Deficiency Order was entered in this pro se prisoner's civil rights case under 42 U.S.C. § 1983 [Doc. 4]. In the Deficiency Order, Plaintiff was notified that, unless within thirty (30) days of that date, he paid the full filing fee or submitted a certified copy of his inmate trust account statement for the last six-month period, the Court would dismiss his lawsuit for failure to prosecute and to comply with the Court's orders and also would assess the filing fee [*Id.*]. Thirty days have passed, and Plaintiff has not responded to the Deficiency Order or otherwise communicated with the Court.

Accordingly, the Court presumes that Plaintiff is not a pauper and he will be **ASSESSED** the full filing fee of four hundred dollars ($400.00) as authorized under 28 U.S.C. § 1914(a). 28 U.S.C. § 1915(b)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) (instructing that "[i]f the prisoner does not comply with the district court's directions, the district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees"), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Because of Plaintiff's failure to comply with the orders of the Court and to prosecute his case, this action will be **DISMISSED WITHOUT PREJUDICE**. Fed. R. Civ. P. 41(b).

The Clerk of Court will be **DIRECTED** to **CLOSE** this case.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan  
CHIEF UNITED STATES DISTRICT JUDGE